IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DUWAUN K. GATLIN, # R5071**                                                                  **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO. 5:07-cv-154-DCB-MTP**

**MDOC RECORDS DEPARTMENT AND**
**DORTHY JOHNSON**                                                                            **DEFENDANTS**

MEMORANDUM OPINION

    This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff, Gatlin, an inmate currently confined in Wilkinson County Correctional Facility, Woodville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.  The named Defendants are MDOC Records Department and Dorthy Johnson.

    Plaintiff had filed a written request through the Administrative Remedy Program (ARP) to the records department at MDOC.  Plaintiff is alleging that the Defendants refuse to correct his meritorious earned time and his trusty time resulting in a delay in his release.  Plaintiff asserts that Defendant Johnson informed him that his time would be credited to his file and subsequently refused to update the computer or to request that the correction be made.  Plaintiff seeks as relief credit of all his earned time.

Analysis

    Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--

dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* As

---

(i)  is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii)  seeks monetary relief against a defendant who is immune from such relief.

discussed below, the Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named Defendants.

## Claims

Initially, this Court must decide whether Plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Texas Dept. of Crim. Just. Planning Dept.,* 37 F.3d 166, 168 (5th Cir. 1994)). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Id.* (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)). If Plaintiff's claims are proven and this Court grants the requested relief, it could result in Plaintiff receiving an early release from custody. With this in mind, this Court has determined that Plaintiff must first pursue this cause by filing a petition for habeas corpus relief.

Before Plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). Since the Plaintiff does not allege that he has presented this claim to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Therefore, this complaint will not be liberally construed as a petition for habeas corpus relief and will be dismissed.

<u>Conclusion</u>

As discussed above, Plaintiff's claims are habeas in nature and not properly pursued under 42 U.S.C. § 1983. Consequently, Plaintiff's cause of action will be dismissed without prejudice.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the  14th   day of September, 2007.


                                                    s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE